**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALLADON, et al., | No. C 06-07478 SI |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' REQUEST TO SUBSTITUTE REPRESENTATIVE PLAINTIFFS** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

Plaintiffs consist of 574 police officers who are or were employed by the City of Oakland. Plaintiffs bring a variety of claims asserted under the Fair Labor Standards Act ("FLSA"). The parties have agreed to permit this action to proceed as a collective action for discovery and trial, such that defendants will depose representative plaintiffs in each category of FLSA claims and this deposition testimony will bind and apply to all non-representative plaintiffs in a given category. The parties recently selected 140 representative plaintiffs at random, and plaintiffs now request that nine of these representative plaintiffs be excused from this duty for various reasons and either substituted with new representatives or not replaced at all. Defendant objects to plaintiffs' request, arguing that these nine representatives either have or may have weak claims, and thus that removing them will result in a pool of representatives with stronger testimony than would otherwise result from purely random selection.

Plaintiffs seek to substitute or remove three categories of representative plaintiffs. The first consists of plaintiffs who would suffer hardship if forced to represent a category of plaintiffs; the second consists of plaintiffs who were mistakenly placed in the category they now represent, and thus have no actual claim under that category; and the third consists of plaintiffs who have decided not to pursue a claim or have decided to withdraw from the lawsuit entirely.

With regard to the hardship category, defendant does not object to the substitution of Michael Clark, who stopped working for defendant in order to care for his wife, who is gravely ill, and son, who has autism. The Court agrees that Clark need not serve as a representative plaintiff. The Court does not agree, however, that Steve Lovell should be substituted out because he now resides in North Carolina. Over the course of this litigation, many representative plaintiffs may move out of the Bay Area or even out of state, but so long as they choose to remain in the litigation, the Court does not see why it would be a hardship for them to serve as representative plaintiffs. That said, the Court requests that the parties meet and confer regarding whether Lovell's deposition could be taken telephonically.

With regard to those representative plaintiffs who were mistakenly placed in the category they now represent, the Court understands defendant's concern that these four representatives may simply have weaker claims than others in the category. On the other hand, if they actually were placed in the wrong category, by definition these plaintiffs will have no claim whatsoever and will skew the balance of strong and weak claims in the direction of weak claims, to the detriment of other plaintiffs who share that claim. Because the Court is aware of no evidence suggesting that these four individuals actually have weak claims and were not inadvertently placed in the categories they now represent, the Court GRANTS plaintiffs' request to substitute these plaintiffs with new plaintiffs. That said, the Court also understands defendant's concern that errors such as these may indicate that the number of plaintiffs asserting each claim may be incorrect, a situation that could potentially lead to a windfall for plaintiffs. The Court therefore notes that it may be appropriate to check or account for such errors at a future stage of the litigation.

As for the three representative plaintiffs who have decided not to pursue their claims, the Court finds that they may be excused from being representative plaintiffs once they have withdrawn entirely from this lawsuit. However, for those who have only chosen to withdraw the single claim for which they serve as a representative plaintiff, but who will continue to assert other claims in the litigation, the Court does not see a legitimate reason to excuse them from their representative duties. The Court is aware that all three of these plaintiffs represent categories in which every plaintiff is a representative, and thus that removal or substitution would not, strictly speaking, upset the random balance of strong and weak claims. Nevertheless, the Court finds that their testimony might still be relevant to the

1 testimony of other plaintiffs making the same claim, such as by showing that another plaintiff's
2 testimony is more or less plausible.
3     In sum, the Court GRANTS plaintiffs' request to substitute Michael Clark, the four plaintiffs
4 representing categories to which they do not belong, and those plaintiffs who have withdrawn from the
5 lawsuit entirely.  The Court DENIES plaintiffs' request with respect to all other representatives.

**IT IS SO ORDERED.**

Dated: August 12, 2008

SUSAN ILLSTON
United States District Judge