United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT VALLADON, et al.,

        Plaintiffs,

   v.

CITY OF OAKLAND,

        Defendant.

                                  /

No. C 06-07478 SI

**ORDER RE: PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE EXPERT OPINION OF JUDITH E. KRAMER**

Now before the Court is plaintiffs' motion to strike the expert report of Judith E. Kramer and to exclude Ms. Kramer from testifying as a witness. [Docket No. 133] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court rules as follows.

**DISCUSSION**

Plaintiffs are 571 current and former employees of the Oakland Police Department. They bring a variety of claims for overtime compensation under the Fair Labor Standards Act ("FLSA") against the City of Oakland. The parties dispute whether attorney Judith Kramer, a former deputy solicitor and Acting Solicitor of the Department of Labor who now practices with the Washington, D.C. law firm Fortney & Scott, may testify as an expert. Defendant noticed Ms. Kramer as a witness on the following topics:

> [A]ll issues involving the FLSA and how the Act relates to all claims asserted here, including liability, statute of limitations, liquidated damages and exemption issues. This witness will testify about any willfulness and good faith issues. In general, any issue raised by plaintiffs that relates to the FLSA will be addressed by this witness.

Pl. Letter Br., ex. A. [Docket No. 136] Plaintiffs object that Ms. Kramer's expert report must be excluded under Federal Rule of Evidence 702 because it expresses legal conclusions that are an improper subject for expert testimony. Defendant responds that plaintiffs' motion is premature because Ms. Kramer has not yet offered testimony, and that in any event, her opinions are admissible under Federal Rule of Evidence 704, which allows expert opinion embracing the "ultimate issue" in the case.

Rule 702 provides that if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion" subject to certain qualifications. Fed. R. Evid. 702. "As a general rule, 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting Fed. R. Evid. 704(a)).

While working at the Department of Labor ("DOL"), Ms. Kramer gained expertise on Department of Labor regulations and federal case law interpreting FLSA. She applies this expertise in her report and arrives at the following conclusion:

> [I]t is my opinion that the City's compensation practices with regard to donning and doffing of uniforms and equipment and the maintenance of uniforms and equipment, as well as its practices with regard to the use of compensatory time of, fully comply with the FLSA.

Pl. Mot., ex. B at 23. Ms. Kramer also opines that if the Court nonetheless finds that the City's practices violate FLSA, (1) those violations are not willful, so a two-year statute of limitations applies and (2) that the City is not liable for liquidated damages because it acted in good faith with a reasonable belief that its practices were lawful. *Id.* Ms. Kramer reaches these conclusions by analyzing DOL regulations and federal cases interpreting FLSA and determining whether the policies at issue here violate those laws. That is, she applies the facts of this case to the law. For example, after interpreting the text of FLSA, the DOL's regulation concerning the "continuous workday rule," two Supreme Court cases, a DOL advisory opinion, and the DOL's "Wage and Hour Division's Field Operations Handbook," Ms. Kramer

1 concludes, "Thus, applying DOL's interpretation of the FLSA and the agency's own regulations, the
2 time [p]laintiffs spent donning and doffing uniforms and equipment is not compensable because the City
3 permits donning and doffing at home." *Id.* at 4-7. Ms. Kramer uses a similar method to reach her
4 opinions about the statute of limitations and the reasonableness of the City's policies. She even opines
5 that a particular district court reached the "incorrect" legal conclusion about whether a city must
6 compensate its employees for the time spent donning and doffing uniforms. *Id.* at 10. Ms. Kramer's
7 "expert report" reads like a legal brief. The Court finds that because "[r]esolving doubtful questions of
8 law is the distinct and exclusive province of the trial judge," *Nationwide* 523 F.3d at 1058 (citation
9 omitted), Ms. Kramer's report must be stricken.

10 Defendant's argument that Rule 704 does not prevent experts from testifying on an "ultimate
11 issue" misses the point. The Court's concern is not that Ms. Kramer opines on the relevant facts, but
12 that her area of expertise is the law. She therefore purports not to "assist the trier of fact to understand
13 the evidence or to determine a fact in issue," *see* Rule 702, but to help the jury understand the law itself.
14 This is not permissible.

15 Defendant contends that plaintiffs' motion is premature because Ms. Kramer has not yet offered
16 an opinion through a declaration or testimony at trial. The Court disagrees. Defendants have already
17 defined the metes and bounds of Ms. Kramer's testimony by presenting her report. Given the content
18 of the report, as drafted, her testimony would not be admissible. Plaintiffs' motion to strike Ms.
19 Kramer's expert report is GRANTED.

20 Plaintiffs also move to exclude Ms. Kramer as a witness at trial. As noted above, defendant
21 noticed Ms. Kramer as a witness on "all issues involving the FLSA," but presented a report focused
22 specifically on Ms. Kramer's opinion of what the law is. Since Ms. Kramer may not testify to these
23 opinions, she may not be a witness at trial on these points and to this extent plaintiffs' motion to exclude
24 is GRANTED.

25 Had Ms. Kramer offered opinions moored to the facts of this case, such opinions would not have
26 been inadmissible merely because they included reference to legal terms or regulations. *See, e.g.*,
27 *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (citation omitted)
28 ("[A] witness may properly be called upon to aid the jury in understanding the facts in evidence even

3

though reference to those facts is couched in legal terms."). However, Ms. Kramer's report as drafted, and hence her anticipated testimony, was effectively a surrogate for legal instructions to the jury. This is not allowable.

Plaintiffs have also requested that defendant be sanctioned and ordered to pay fees and costs incurred by plaintiffs in filing their letter brief. [Docket No. 136] Plaintiffs' request is DENIED.

## CONCLUSION

Plaintiffs' motion to strike the expert report of Judith Kramer is GRANTED. [Docket No. 133] Plaintiffs' motion to exclude Judith Kramer from testifying as an expert witness is GRANTED insofar as defendant offers Ms. Kramer as a legal expert. [Docket No. 133] Plaintiffs' motion for sanctions is DENIED. [Docket No. 136]

**IT IS SO ORDERED.**

Dated: March 5, 2009

SUSAN ILLSTON
United States District Judge

4