United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALLADON, et al., | No. C 06-07478 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO AMEND EXPERT DISCLOSURES** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

Now before the Court is defendant's motion to amend and/or supplement its expert disclosures to add a new expert report by Judith E. Kramer. On March 5, 2009, this Court granted plaintiffs' motion to strike Ms. Kramer's expert report and to exclude her from testifying as a witness. The Court analyzed Ms. Kramer's report and concluded that it must be stricken because she effectively offered an expert opinion on the law. [Docket No. 139] Defendant subsequently solicited an amended report from Ms. Kramer and now seeks leave to add this report to its expert disclosures.

The Court finds that Ms. Kramer's new report does not cure the problems identified in the Court's prior order, and in fact adds some new problems. Ms. Kramer continues to offer legal opinions. She interprets an Oakland Police Department policy, a Department of Labor ("DOL") advisory opinion, and a DOL handbook and offers a legal opinion about categories of work that need not be compensated (e.g. donning and doffing that can be performed at home and elective firearm maintenance). As the Court has explained, an expert cannot assume the role of the court by instructing the jury as to the applicable law. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

Ms. Kramer also offers opinions that "donning and doffing could easily be accomplished at

1  home," defendant and Oakland police officers "negotiated away the right of officers to be compensated
2  for time spent donning and doffing," defendant "was proactive in keeping abreast of the requirements
3  of the FLSA [Fair Labor Standard Act] and in ensuring that the Departments were in compliance with
4  the law," and that defendant's "sole reason for denying officers' requests to use comp time only was that
5  the use of comp time by too many officers at the same time would unduly disrupt the provision of
6  services." Def. Letter Br., ex. A at 12.

7  The Court finds that none of these opinions is the proper subject of expert testimony. First, the
8  jury does not need an expert's assistance to determine whether defendant was "proactive" in keeping
9  informed on changes in labor law. The jury is "adequately equipped to comprehend and evaluate"
10 testimony that employees attempted to keep up to date by reading treatises, conducting legal research,
11 participating in group discussions, and attending conferences. *See United States v. Miller*, 874 F.2d
12 1255, 1267 (9th Cir. 1989).

13 Likewise, Ms. Kramer's opinions on how easy it is for police officers to don and doff their
14 uniforms at home, the results of negotiations between defendant and Oakland police officers, and
15 defendant's motivations for denying comp time are not appropriate subjects for expert testimony. Jurors
16 are equipped through their own life experience to evaluate factual testimony on these subjects; they do
17 not require the specialized knowledge of an expert to assist them. In addition, Ms. Kramer's experience
18 as a lawyer does not give her specialized knowledge that would qualify her to opine on this latter
19 category of subjects. *See* Fed. R. Evid. 702 (requiring experts to have "specialized knowledge," which
20 may be acquired by "knowledge, skill, experience, training, or education").

21 Ms. Kramer also offers the opinion that federal court decisions on whether donning and doffing
22 time is compensable "have been conflicting" and that the controlling federal authority "was, and still
23 is, in flux and conflict." Letter Br., ex. A at 6, 7. Defendant will use this testimony to argue that
24 defendant's violations were not willful and that therefore the two-year statute of limitations should
25 apply. The Court finds that Ms. Kramer's testimony about the current state of federal authorities
26 interpreting the FLSA would conflict with the Court's instructions about what the law is. One way or
27 another, the Court will have to resolve these purportedly conflicting authorities and reach some
28 determination before trial as to what the law is at this time. As noted above, an expert cannot invade

the role of the court by instructing the jury on the law.

Ms. Kramer's opinion that federal authorities in the *past* were conflicting is less like a jury instruction. However, the Court finds that her testimony on this point could confuse the jury because there is no clear way to distinguish between the past, conflicting, state of the federal authorities, and the current state of the law. That is, the jury is likely to hear expert testimony that the law was unclear in 2007 and 2008 (the years of the decisions Ms. Kramer cites in her report) and to conclude that, contrary to the Court's instructions, the law continues to be unclear. For these reasons, Ms. Kramer may not offer an expert opinion on the subject of the past or present state of federal authorities interpreting the FLSA.

Accordingly, the Court finds that Ms. Kramer's revised report, and therefore her anticipated testimony, does not cover topics that are permissible subjects for expert testimony. Defendant's request for leave to amend its expert disclosures is DENIED.

**IT IS SO ORDERED.**

Dated: April 1, 2009

SUSAN ILLSTON
United States District Judge