United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALLADON, *et al.*, | No. C 06-07478 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' DISCOVERY MOTION** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

On March 23, 2009, plaintiffs requested an order compelling defendant to disclose "all documents described in Exhibit 1" of plaintiff's letter brief. Pl. Letter Br. at 5. Exhibit 1 describes seventeen broad categories of documents. Defendant responds that it "is intending to and is in the process of producing the documents requested." Def. Letter Br. at 1. As of March 31, 2009, defendant represented that it had already disclosed several categories of documents and was in the process of compiling other information. Decl. of Justine Hinderliter in Supp. of Def. Letter Br. ¶¶ 5-20. It appears that of plaintiffs' seventeen requests, there are only three to which defendant does not intend to produce documents: Requests Six, Eleven and Fifteen.

In Request Six, plaintiffs seek "all documents relating to the FLSA lawsuit brought by Fire Department employees against the City of Oakland." Plaintiffs do not discuss this request in their letter brief. It is not evident to the Court why documents from a previous case are relevant to this action. Thus, plaintiffs' request for an order compelling production of these materials is DENIED.

Exhibit 1 does not include Request Eleven. The Court assumes that plaintiffs have abandoned their request relating to this category of documents.

In Request Fifteen, plaintiffs seek "Oracle white papers, family packs, readme files, and any

other documents from Oracle relating to upgrades made to the payroll system that affected the FLSA calculation . . . ." Defendant responds that it does not possess any documents responsive to this request because Oracle's upgrades do not apply to defendant's computerized payroll system. As evidence that defendant does in fact possess responsive documents, plaintiff cites the "Guice" deposition transcript. In the cited portion, the witness states that he recalls receiving "family packs" and "readmes" from Oracle (it appears that a family pack is a software upgrade and a readme is the accompanying instructions) but does not state that the materials related to upgrades to the payroll system. *See* Letter Br., ex. 19 at 85:2-86:16.[1] Thus, plaintiffs cite no evidence establishing that defendant's representation that it does not possess these materials is false. Plaintiffs request is DENIED.

Plaintiffs also imply that they seek to continue the hearings on defendants' summary judgment motions. If so, they must file a motion for a continuance pursuant to Federal Rule of Civil Procedure 56(f). The Court is not inclined to look favorably on any such request in light of the fact that the Court has already granted plaintiffs' requests for continuances and because it appears that much of the discovery requested by plaintiffs was either already provided by defendant or was not requested until mid-March.

Finally, plaintiffs state that it is "difficult to see" how they can adhere to the June 22, 2009 trial date. Letter Br. at 5. The Court finds that plaintiffs have not established that postponement of the trial is necessary. If plaintiffs wish, they may contact the Court's deputy to schedule a case management conference before the upcoming hearing on defendants' summary judgment motions.

**IT IS SO ORDERED.**

Dated: April 10, 2009

_____
SUSAN ILLSTON
United States District Judge

---

[1] Plaintiffs also cite 54:7-16 of the deposition transcript, but these lines are not included with the portion of the transcript plaintiffs provide the Court. *See* Letter Br., ex. 19.

2